IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VANN LAMONT BAILEY, BE-5699, )
    Petitioner, )
     )
    v. ) 2:15-cv-04
     )
TEBB BICKELL, et al., )
    Respondents. )

MEMORANDUM and ORDER

    Vann Lamont Bailey, an inmate at the State Correctional Institution at Huntington, has presented a petition for a writ of habeas corpus for which he has neither paid the filing fee nor submitted an in forma pauperis application.[1]

    Bailey is presently serving a 45 to 90 year sentence imposed following his conviction for burglary, homicide, rape, indecent sexual assault and aggravated assault at Nos. 89-4403, 89-03736 and 89-3434 in the Court of Common Pleas of Allegheny County, Pennsylvania. Sentencing for these convictions occurred on February 26, 1990.[2]

    Bailey then filed a series of habeas petitions in this Court. In 2:96-cv-1824, his petition was dismissed on April 10, 1997 and a certificate of appealability was denied by the Court of Appeals on April 13, 1998. A second habeas petition was filed on February 18, 2009 at 2:09-cv-0199. That petition was dismissed as time barred on April 7, 2009. A third habeas petition filed at 2:14-cv-1626 was filed on December 10, 2014 and dismissed as both time barred and meritless on December 24, 2014.[3] Bailey has now filed a fourth petition seeking to challenge the February 26, 1990 sentence.

    The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims

---

[1] We note that as recently as December 10, 2014, petitioner was granted leave to proceed in forma pauperis at 2:14-cv-1626.
[2] See: Petition at ¶¶ 1-5.
[3] In our Memorandum of December 11, 2014, Bailey was directed to show cause, if any, why the petition should not be dismissed as time barred. No such showing was made and the petition was dismissed.

1

presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition is both untimely and was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 6th day of January, 2015, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,
United States Magistrate Judge